UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER SAUNSOCI,<br><br>Defendant. | 4:22-CR-40123-KES<br><br>ORDER DENYING MOTION TO SEVER COUNTS |

Defendant, Christopher Saunsoci, is charged in an Indictment with two counts of theft from an Indian tribal organization and 18 counts of wire fraud. Docket 1. Saunsoci moves to sever the theft counts from each other and to sever the theft counts from the wire fraud counts under Federal Rules of Criminal Procedure 8(a) and 14(a). Dockets 32, 33. The government opposes any severance of the counts. Docket 34.

**BACKGROUND**

Count 1 alleges that between on or about February 10, 2022, and May 16, 2022, Saunsoci "embezzle[d], st[ole], knowingly convert[ed] to his own use, willfully misappl[ied], [or] willfully permit[ted] to be misapplied, a 2016 GMC Yukon, belonging to the Yankton Sioux Tribe Law Enforcement Services of the Yankton Sioux Tribe[.]" Docket 1 at 1. Count 2 alleges that Saunsoci did the same, between on or about December 31, 2021, and March 16, 2022, with "moneys, funds, credits, goods, assets, and other property" that also belonged to Yankton Sioux Tribe Law Enforcement Services. *Id.* at 1-2. The alleged conduct in Counts 1 and 2

occurred after Saunsoci was hired as the Chief of Police for the Yankton Sioux Tribe. *See* Docket 1 at 3.

The wire fraud counts allege that, between on or about September 8, 2020, and September 17, 2021, Saunsoci devised a scheme and artifice to defraud that involved submitting timesheets to the Tree of Life Ministries, where he was the Assistant Coordinator for a flood recovery grant, and the Yankton Sioux Tribe, where he was simultaneously employed, that "falsely and fraudulently reported he worked the same set of hours for both employers." *Id.* at 2-4. The Indictment alleges that this scheme to defraud began on the date that Saunsoci was hired as Yankton Sioux Tribe's COVID Security Director and continued after he was hired as the Chief of Police on October 21, 2020. *Id.* at 3-4.

## DISCUSSION

### I.  Joinder of All Twenty Counts is Proper Under Rule 8(a)

**A. Legal Standard**

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). Rule 8 is to be "broadly construed in favor of joinder." *United States v. Reichel*, 911 F.3d 910, 915 (8th Cir. 2018) (quoting *United States v. Colhoff*, 833 F.3d 980, 983 (8th Cir. 2016)). "The propriety of joinder is . . . determined from the face of the indictment." *Id.* (alteration in original) (citation omitted).

An indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of

a common scheme or plan." Fed. R. Crim. P. 8(a). "In applying the 'same or similar character' standard, [the Eighth Circuit] has allowed the offenses to be joined when 'the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps.' " *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984) (citation omitted). Offenses are similar in character when they are "nearly corresponding; resembling in many aspects; somewhat alike; having a general likeness." *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001) (cleaned up). "A precise identity between the character of offenses" is not necessary for joinder to be appropriate under Rule 8. *United States v. Lindsey*, 782 F.2d 116, 117-18 (8th Cir. 1986) ("[P]ossession of two different types of firearms" for two counts of unlawful possession of a firearm "is 'nearly corresponding' in nature."). "[T]he time period factor is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined." *Rodgers*, 732 F.2d at 629; *see also Tyndall*, 263 F.3d at 850 (finding one year to be a "relatively short period of time" and listing cases where courts found the same for 17 months and 20 months).

### B. Joinder of Counts 1 and 2 Is Proper

Saunsoci argues that Counts 1 and 2 are improperly joined because "the facts alleged are extremely different" because Count 1 concerns a vehicle and Count 2 lists various assets and because "there is nothing on the face of the indictment to support a common scheme between" Counts 1 and 2. Docket 33 at 3. But a common scheme is only one way that multiple counts can be properly joined; joinder is also proper where the offenses are of the "same or similar

3

character." Fed. R. Crim. P. 8(a). And here, Counts 1 and 2 allege a violation of the same statute—18 U.S.C. § 1163, theft from an Indian tribal organization. Docket 1 at 1-2. That Count 1 alleges theft of a vehicle and Count 2 alleges theft of a list of assets does not render these offenses of a different character. *See Lindsey*, 782 F.2d at 117-18 (two counts alleging separate violations of same statute involving different firearms were properly joined). Because the time periods of the alleged offenses overlap, the offenses occurred within a "relatively short period of time." *Rodgers*, 732 F.2d at 629. And this overlapping time period and a victim common to both counts means that "the evidence as to each count overlaps." *See id.* Thus, Counts 1 and 2 are properly joined.

### C. Joinder of Counts 1 and 2 with the Wire Fraud Counts is Proper

Saunsoci argues that Counts 1 and 2 should not be joined with the wire fraud counts because those counts are "separate offenses involving different witnesses, dates, documents, and facts[.]" Docket 33 at 3. Although Counts 3 through 20 allege violations of a different statute than Counts 1 and 2, all twenty counts in the Indictment allege that Sauncoci wrongfully obtained the money or property of another. Docket 1. This makes the offenses alleged in each of the twenty counts "nearly corresponding; resembling in many aspects; somewhat alike; having a general likeness." *Tyndall*, 263 F.3d at 850. All the alleged offenses occurred in a relatively short period of time. The last count of alleged wire fraud occurred less than three months before the time period alleged in Count 2. Docket 1 at 1, 7; *Rodgers*, 732 F.2d at 629. And the first account of alleged wire fraud occurred only about 15 months prior to the time period alleged in Count 2. Docket 1 at 1, 5. *Rodgers*, 732 F.2d at 629 (20 months is relatively short period of time).

4

Because the Yankton Sioux Tribe is a named victim common to all twenty counts and because Saunsoci was employed by the Yankton Sioux Tribe during each of the alleged offenses, "the evidence as to each count overlaps." *Rodgers*, 732 F.2d at 629. Thus, joinder of the wire fraud counts with Counts 1 and 2 is proper.

## II. Severance Under Rule 14(a) Is Not Warranted

### A. Legal Standard

When joinder is proper under Rule 8, Rule 14 provides that the court may still sever the counts for trial where "the joinder of offenses . . . for trial appears to prejudice a defendant or the government[.]" Fed. R. Crim. P. 14(a). "A showing of prejudice . . . requires more than a showing of a better chance of acquittal at separate trials." *United States v. Dennis*, 625 F.2d 782, 802 (8th Cir. 1980) (citing *United States v. Bohr*, 581 F.2d 1294, 1301 (8th Cir. 1978)). The showing must be of "an appreciable chance for an acquittal" in a severed trial. *Reichel*, 911 F.3d at 915 (citing *United States v. Geddes*, 844 F.3d 983, 988 (8th Cir. 2017)). "When evidence of one crime is admissible in the trial of another crime . . . there is no prejudice in trying the two charges at the same time." *Tyndall*, 263 F.3d at 850.

Prejudice may occur when a defendant wishes to testify as to some but not all counts. *United States v. Jardan*, 552 F.2d 216, 220 (8th Cir. 1977). But "[n]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *United States v. Little Dog*, 398 F.3d 1032, 1038 (8th Cir. 2005) (citing *Baker v. United States*, 401 F.2d 958, 977 (D.C. Cir. 1968)); *Closs v. Leapley*, 18 F.3d 574, 578 (8th Cir. 1994) (showing must be "persuasive and detailed").

### B. Saunsoci Has Not Demonstrated That He Will Be Prejudiced by Trying All Counts in a Single Trial

Saunsoci argues generally that severance is warranted "because failing to sever would prevent the jury from making a reliable judgment about guilt or innocence[,]" but he fails to specify how he would be prejudiced by not severing the counts for trial. Docket 33 at 4 (quoting *United States v. Mabry*, 3 F.3d 244, 252 (8th Cir. 1993)). Despite Saunsoci's claims to the contrary, Docket 33 at 4-5, evidence that he committed any of the alleged offenses would be admissible in the trial of the other counts. Evidence of another "crime, wrong, or act" is admissible for certain purposes, including proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b); *see also United States v. Cook*, 454 F.3d 938 (8th Cir. 2006) ("[E]vidence of a prior bad act . . . is admissible if it is relevant to a material issue, such as intent, and if it is established by a preponderance of the evidence, more probative than prejudicial, and similar in kind and close in time to the charged offense."). For the same reasons described in Part I, the court concludes that all the alleged offenses are similar in kind and close in time. And evidence that Saunsoci committed the first alleged theft would be relevant to proving opportunity, intent, plan, absence of mistake, or lack of accident for the other offenses, especially because all the counts allege that Saunsoci was wrongfully obtaining the money and property of his employer.

Saunsoci also argues that he would be prejudiced "if he wishes to testify at trial on one incident but not on the other." Docket 33 at 5. Thus, Saunsoci argues "[h]is right to remain silent is compromised by the joinder of the Counts." *Id.* But for the court to grant severance on this basis, Saunsoci must make "a convincing

6

showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *Little Dog*, 398 F.3d at 1038. Saunsoci has not made such a showing. Thus, severance under Rule 14 is not warranted.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that defendant's motion (Docket 32) is denied, and the counts will not be severed for trial.

DATED May 23, 2023

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE